UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NO. 03-346 |
| BRIAN NICKLES | * | SECTION "F" |

ORDER AND REASONS

Before the Court is Brian Nickles's Section 2255 motion to vacate, set aside, or correct a sentence. For the reasons that follow, the motion is DENIED.

Background

Brian Nickles pleaded guilty on January 14, 2004 to two counts of violating the Federal Controlled Substances Act, 21 U.S.C. § 801 et seq., for distribution of more than fifty grams of cocaine base.[1] As part of the plea agreement, the Government agreed to file only one bill of information against Mr. Nickles rather than a multiple bill outlining his four prior narcotics convictions, the effect of which was that Mr. Nickles would avoid a statutory mandatory life sentence.

The plea agreement stated that Mr. Nickles faced a minimum of twenty years and a maximum of life imprisonment as to both counts of the indictment. The plea agreement further provided that Mr.

---

[1] A federal grand jury indicted Mr. Nickles on November 7, 2003. The Government subsequently filed a bill of information alleging that Mr. Nickles had previously pleaded guilty on December 15, 1992 to Louisiana state charges of distribution of crack cocaine, for which he received a twelve-year sentence.

1

Nickles waived his right to appeal or file a motion for post-conviction relief (specifically including a Section 2255 petition), except that he may appeal: (a) any punishment imposed in excess of the statutory maximum, and (b) any punishment to the extent it constitutes an upward departure from the Guideline range deemed most applicable by the sentencing court.  Mr. Nickles's guideline range was determined to be 151 to 188 months.  The Court sentenced Mr. Nickles to the statutory minimum of 240 months imprisonment.  Mr. Nickles did not appeal.

Mr. Nickles now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I. Legal Standard

A.  28 U.S.C. § 2255

A petitioner may file a habeas corpus petition pursuant to 28 U.S.C. § 2255 claiming that a sentence imposed by a federal court "was imposed in violation of the Constitution or the laws of the United States."  Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner has one year within which to file his habeas corpus claim.  28 U.S.C. § 2255.  This one-year period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. If a petitioner fails to file his Section 2255 motion within the applicable one-year period, the Court must dismiss the petition as untimely. Id.

B. Retroactivity of Booker

The United States Supreme Court decided United States v. Booker on January 12, 2005. 543 U.S. 220. In Booker, the Court held that the Federal Sentencing Guidelines are subject to the Sixth Amendment's requirement that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 244. The Supreme Court also instructed that the Guidelines were no longer mandatory but advisory. Id. at 245. Finally, the Supreme Court noted that its decision in Booker applies "to all cases on direct review." Id. at 268. Booker, however, "does not apply retroactively to initial § 2255 motions." United States v. Gentry, 432 F.3d 600, 605 (5th Cir. 2005).

C.  Effect of a Defendant's Waiver in a Plea Agreement

A plea agreement containing a waiver of statutory rights to appeal or collaterally attack a conviction is valid. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). The waiver is enforceable against the defendant if it was made both knowingly and voluntarily. Id.; United States v. Smith, No. Crim.A.02-385, 2005 WL 3541040, at *2 (E.D. La. Nov. 25, 2005) (Duval, J.).

A defendant may not, however, waive his right to challenge certain aspects of a judgment. See, e.g., Wilkes, 20 F.3d at 653. ("[A] waiver may not always apply to a collateral attack based upon ineffective assistance of counsel . . . ."). For example, a defendant's claim of ineffective counsel will survive if the validity of the waiver or plea agreement is called into question. United States v. White, 307 F.3d 336, 343 (5th Cir. 2002). However, an ineffective counsel claim that does not relate to advice received during the negotiation or signing of the plea agreement will not survive a waiver because the advice does not call into question the validity of the plea agreement. Id. Otherwise, "[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about the process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result." United States v. White, 307 F.3d 336, 344 (5th Cir. 2002).

4

D.   Government Breach of a Plea Agreement

The Government must "strictly adhere to the terms and conditions" of a plea agreement.  United States v. Valencia, 985 F.2d 758, 760 (5th Cir. 1993).  Moreover, "when a guilty plea 'rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'" Id. at 761 (quoting Santobello v. New York, 404 U.S. 257, 262 (1971)).  The defendant must show, by a preponderance of the evidence, that the Government breached the plea agreement.  United States v. Price, 95 F.3d 364, 367 (5th Cir. 1996).  Finally, to determine whether the Government's conduct is consistent with its promises, the Court must look to the "defendant's reasonable understanding of the agreement," Valencia, 985 F.2d at 761.

## II.  Application

Mr. Nickles's petition was not filed within one year of the date his judgment became final.  And he fails to persuade the Court that any other circumstances warrant a later start date for his post-conviction relief.  His petition is therefore untimely under the AEDPA.

The Court entered judgment against Mr. Nickles on May 3, 2004.  He then had a ten-day statutory window to appeal his sentence, absent any waiver of that right.  After this window closed, Mr.

Nickles's post-conviction time period began to run. Mr. Nickles did not file his Section 2255 petition until January 3, 2006, over one year and seven months after his post-conviction time period began to run. This renders his petition untimely unless he can show that one of the AEDPA's alternatives to restart his post-conviction time period applies. He has not done so.

Mr. Nickles claims that his petition is timely because of the Supreme Court's recent decision in <u>United States v. Booker</u>, 543 U.S. 220, 244 (2005). Mr. Nickles argues that the <u>Booker</u> decision retroactively applies to him so that his post-conviction time period began to run from the date of <u>Booker</u>'s judgment, January 12, 2005, thus rendering his petition timely. The Fifth Circuit, however, has emphatically stated that "<u>Booker</u> does not apply retroactively to initial § 2255 motions." <u>United States v. Gentry</u>, 432 F.3d 600, 605 (5th Cir. 2005). Therefore, because Mr. Nickles filed his collateral attack after <u>Booker</u>, he cannot rely on <u>Booker</u> as the commencement of his one-year time period.[2]

---

[2] In <u>Booker</u>, which dealt with a challenge to the mandatory nature of the federal sentencing guidelines, the Supreme Court concluded that its holdings applied "to all cases on direct review." 543 U.S. at 268. However, Mr. Nickles's petition was not pending on direct review at the time <u>Booker</u> was decided. Mr. Nickles also relies on the Supreme Court's decision in <u>Shepard v. United States</u>, 544 U.S. 13 (2005), to commence his post-conviction time period. The statute relevant in <u>Shepard</u>, the Armed Career Criminal Act, mandated a 15-year minimum sentence for anyone who possessed a firearm after three prior convictions for serious drug offenses or violent felonies. <u>Id.</u> at 15-16. The Act makes generic burglary (burglary committed in a building or enclosed space) a violent felony, but nongeneric burglary

Next, Mr. Nickles claims that his post-conviction time period should begin running from the date he "discovered" the facts underlying his habeas corpus petition. Specifically, Mr. Nickles claims that he recently learned of the potential legal significance of his attorney's alleged mishandling of his presentence investigation report ("PSR") and prior convictions.

However, Mr. Nickles misunderstands Section 2255. When Mr. Nickles learned about the new "fact" that would give rise to a claim for relief -- not the legal significance of that "new" fact -- is what matters. See <u>Wilson v. United States</u>, 413 F.3d 685, 687 (7th Cir. 2005) (Easterbrook, J.) ("We may suppose that the lawyer goofed, but the question for federal purposes is when [the

---

(burglary within a boat or motor vehicle) is not a violent felony for purposes of the Act. <u>Id.</u> In that case, the Supreme Court held that a sentencing court could not look to police reports in determining whether a generic burglary had previously been committed. <u>Id.</u> at 16. <u>Shepard</u> is inapplicable here. Mr. Nickles has not been convicted under the Armed Career Criminal Act, and there is no suggestion that any of his past convictions were burglaries. Furthermore, Mr. Nickles makes no claim that, in sentencing him, the Court looked to police reports in unlawfully increasing his sentence. Rather, Mr. Nickles's claim is that this Court used a prior *conviction* to increase his sentence. <u>Booker</u> permits this; indeed, <u>Booker</u> expressly excepted prior convictions from its holding. <u>United States v. Booker</u>, 543 U.S. 220, 244 (2005) ("[A]ny fact *(other than a prior conviction)* which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added); <u>see also</u> <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added).

defendant] learned about the new 'fact' rather than when he recognized its legal significance."). Mr. Nickles knew the relevant facts long ago. He attended his sentencing on April 28, 2003, when the Court referred to Mr. Nickles's PSR. At that point, Mr. Nickles knew of its existence (and therefore knew whether his attorney had failed to show it to him prior to sentencing).[3] Furthermore, Mr. Nickles was present at his own prior state sentencing proceedings; he certainly knew of them. Similarly, Mr. Nickles was present at the federal sentencing at issue, and thus he was present when, over one year ago, the Government allegedly breached the plea agreement by "urging the court to enhance [his] sentence based on prior adjudications." To do as Mr. Nickles asks and recognize legal norms as the "facts" would allow prisoners to "allege ignorance of the law until an illuminating conversation with an attorney or fellow prisoner" and therefore "in effect write the statute of limitations out of AEDPA, rendering it a nullity." United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005). His petition is untimely.

Finally, Mr. Nickles claims that, even if he fails to satisfy the AEDPA's statute of limitations, the time period should be equitably tolled in the interests of fairness and justice. However, equitable tolling may only be applied in exceptional

---

[3] Moreover, this Court, before sentencing Mr. Nickles noted that "[t]he defendant has indicated he has no objections to the [PSR]."

circumstances.  Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998); Chopin, 2006 WL 2620443, at *3.  Furthermore, "mere attorney error or neglect is not an extraordinary circumstance." Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002).  Neither is a prisoner's failure to grasp the legal significance of certain facts.  Chopin v. Cain, No. Civ.A. 04-1370, 2006 WL 2620443, at *3 (E.D. La. Sept. 11, 2006) (Engelhardt, J.) ("[A] pro se prisoner's ignorance or misinterpretation of applicable law does not constitute 'exceptional circumstances' for the purpose of equitably tolling the AEDPA's one-year statute of limitations.").  Thus, the Court finds that enforcing the waiver will not result in a fundamental miscarriage of justice, and thus Mr. Nickles cannot avail himself of equitable tolling.

Because Mr. Nickles's § 2255 petition is untimely under the AEDPA, it is DENIED.[4]

---

[4] Even if the Court were to address the merits of Mr. Nickles's claims, the petition would fail.  Mr. Nickles waived his right to collaterally attack his judgment (except in two limited circumstances not relevant here), and he makes no claim that the waiver is invalid because it was not entered into knowingly and voluntarily.  See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).  None of Mr. Nickles's claims, including his claims of ineffective assistance of counsel, survive the waiver.  His two principal ineffective counsel claims (that counsel failed to challenge Mr. Nickles's prior convictions and that counsel failed to show Mr. Nickles a copy of his PSR before sentencing) do not undermine the validity of, or question the legal effectiveness of, his waiver or the plea agreement in general because they do not pertain to counsel's assistance in negotiating, explaining, or signing the plea agreement.  See United States v. White, 307 F.3d 336, 343 (5th Cir. 2002). Finally, the Government did not breach the plea agreement by

9

New Orleans, Louisiana, November 7, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

"urging the court to enhance Nickles's sentence based on prior adjudications."  The plea agreement explicitly stated that "the maximum penalty the defendant could receive should his plea of guilty be accepted as to Counts 1-2 is a minimum of twenty (20) years['] imprisonment up to a maximum penalty of . . . life imprisonment."  The Court sentenced Mr. Nickles to 20 years, the statutory minimum.  As a result, Mr. Nickles's petition  is without merit.